UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEREMY GRINER** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 23-146** |
| **JASON KENT, WARDEN** | **SECTION: "G"(5)** |

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).

Petitioner, Jeremy Griner, filed the above-captioned petition for habeas corpus relief pursuant to Title 28 U.S.C. § 2254, challenging his 2018 conviction for attempted second degree murder entered in the 21st Judicial District Court for Livingston Parish. He has since corrected the noted deficiency and paid the requisite filing fee.

The provisions of 28 U.S.C. § 2241(d) determine the proper venue for filing a petition for federal habeas corpus relief:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and

in furtherance of justice may transfer the application to the other district court for hearing and determination.

Thus, in a multi-district state such as Louisiana, the application may be filed either in the district in which the petitioner is incarcerated or in the district in which he was convicted and sentenced.

Under § 2241(d), the district court for the district where the application is filed may, in the exercise of its discretion and in the furtherance of justice, transfer the application to another district court for hearing and determination. In addition, 28 U.S.C. § 1406 (a) provides that the district court that is not a proper division or district for venue purposes, shall dismiss or, if the interests of justice so dictate, transfer the case to any district or division in which it could have been brought.

Griner was convicted and sentenced in Livingston Parish, which is located within the jurisdictional boundaries of the United States District Court for the Middle District of Louisiana. 28 U.S.C. § 98(b). His petition states that he is currently incarcerated at Dixon Correctional Institute in Jackson Parish, which is located within the jurisdictional boundaries of the Western District of Louisiana. Thus, Griner was not incarcerated in this district at the time he filed his complaint, or currently, and he was not convicted or sentenced in this district. Furthermore, courts traditionally recognize the more appropriate venue for challenges to the legality of a conviction is the district where the state-court conviction was entered, because naturally, the evidence and witnesses may be more easily accessed in the district of conviction rather than the district of confinement. *Story v. Collins*, 920 F.2d 1247,

1250-51 (5th Cir. 1991); *Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970); *Johnson v. Zaken*, 22-cv-01645, 2022 WL 17905311, at *2 (M.D. Penn. Dec. 23, 2022) (transfer to district of conviction more appropriate than district of incarceration); *Colon v. Secretary, Florida Dept. of Corr.*, Civ. Action 16-176, 2016 WL 1729529 (N.D. Fla. March 28, 2016), *adopted*, 2016 WL 1733457 (N.D. Fla. Apr. 28, 2016) (district of conviction would appear to be the most convenient for witnesses should an evidentiary hearing be necessary); *Dickerson v. Louisiana*, Civ. Action 14-2354, 2015 WL 2185817 (W.D. La. May 7, 2015) (although concurrent jurisdiction exists venue is more appropriate in district where the conviction occurred); *Gee v. Thaler*, Civ. Action C-12-409, 2013 WL 1932660 (S.D. Tex. Apr. 17, 2013), *adopted*, 2013 WL 1916933 (May 7, 2013) (same).

Accordingly, for the foregoing reasons, the Court finds transfer of this matter to the Middle District of Louisiana appropriate.

**RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the captioned matter be transferred to the United States District Court for the Middle District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile*

*Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[1]

New Orleans, Louisiana, this __7th__ day of February, 2023.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[1]/*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.