# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

JEREMY GRINER (#607602)                              CIVIL ACTION NO.

VERSUS                                               23-153-SDD-SDJ

JASON KENT, ET AL.

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 25, 2026.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JEREMY GRINER (#607602)** | **CIVIL ACTION NO.** |
| **VERSUS** | **23-153-SDD-SDJ** |
| **JASON KENT, ET AL.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody[1] filed by Jeremy Griner, who is representing himself and who is confined at the Dixon Correctional Institute in Jackson, Louisiana.  As Griner's sole claim is procedurally defaulted, it is recommended that Griner's request for habeas relief be denied, that this matter be dismissed with prejudice, and that, if sought, a certificate of appealability be denied.  There is no need for oral argument or an evidentiary hearing.

### I.    PROCEDURAL HISTORY

On February 24, 2017, Griner was charged with attempted second degree murder in violation of Louisiana Revised Statutes 14:27 and 14:30.1.[2]  On July 19, 2018, Griner was found guilty by a unanimous jury.[3]  On August 20, 2018, Griner was sentenced to 20 years with the Department of Corrections at hard labor, without the benefits of probation, parole, or suspension of sentence, with credit for time served. On January 8, 2019, after finding that the State had carried its burden in demonstrating that Griner was a habitual offender, the Court vacated the original

---

[1] R. Docs. 1, 3, & 7.

[2] R. Doc. 13-1, p. 31.

[3] R. Docs. 13-2, p. 110; 13-6, pp. 129-131.

sentence and sentenced Griner to 25 years with the Department of Corrections with hard labor to be served without the benefit of probation, parole, or suspension of sentence.[4]

Griner filed a direct appeal urging five assignments of error: (1) erroneous jury instructions; (2) erroneous imposition of the original sentence immediately after the denial of post-trial motions; (3) excessive sentence; (4) failure to comply with sentencing guidelines; and (5) ineffective assistance of counsel.[5] On September 27, 2019, the First Circuit Court of Appeals affirmed the conviction, habitual offender adjudication, and sentence.[6] Griner then sought a writ of certiorari from the Louisiana Supreme Court, which was denied on July 24, 2020.[7] Griner filed an application for post-conviction relief on March 22, 2021, raising many assignments of error.[8] Griner's PCR review ended on November 16, 2022, with the Louisiana Supreme Court denying review.[9] Griner then instituted this action assigning only one error: erroneous jury instructions.[10]

## II.    GRINER'S SOLE CLAIM IS PROCEDURALLY DEFAULTED

Respondent argues and is correct that Griner's claim is unexhausted.[11] The First Circuit refused to consider the erroneous jury instruction issue stating that because Griner's "trial counsel failed to object to the trial court's erroneous instruction…[Griner] is precluded from raising this issue on appeal."[12] In other words, review of the claim was procedurally barred because it was not

---

[4] R. Docs. 13-1, p. 25; 13-2, p. 111.

[5] R. Doc. 9-5, pp. 8-33; *State v. Griner*, 2019-0322 (La. App. 1st 9/27/2019) 2019 WL 4731973, at *1.

[6] R. Doc. 13-7, p. 104-117.

[7] R. Doc. 13-7, p. 119.

[8] R. Doc. 13-6, p. 166.

[9] R. Doc. 13-6, p. 274.

[10] R. Doc. 1, p. 4.

[11] R. Doc. 15, pp. 4-5.

[12] *Griner*, 2019 WL at *3.

preserved for appellate review by a contemporaneous objection at trial as required by La. Code Crim. P. art. 841.[13] As a threshold matter, this Court must determine whether procedural default has occurred on the asserted claim.

"If a state court clearly and expressly bases its dismissal of a prisoner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the prisoner has procedurally defaulted his federal habeas claim."[14] Griner's erroneous jury instruction claim was denied on procedural grounds both on direct appeal and on PCR. On direct appeal, the First Circuit clearly declined to consider Griner's erroneous jury instruction claim based upon a state procedural rule, so as long as the state procedural rule provides an independent and adequate ground for dismissal, the claim is procedurally defaulted. A dismissal is independent of federal law when the last state court "clearly and expressly" indicated that its judgment rests on a state procedural bar.[15] In addition, it also is well settled that "[a] state court expressly and unambiguously bases its denial of relief on a state procedural default even if it alternatively reaches the merits of a [petitioner's] claim."[16] Here, the First Circuit clearly stated that Griner was precluded from raising the erroneous jury instruction issue on appeal.[17] The Court then considered the argument regarding the erroneous jury instruction in analyzing the ineffective assistance of counsel claim—however, that does not save the erroneous jury instruction itself from procedural default.

---

[13] *Id.*

[14] *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Harris v. Reed*, 489 U.S. 255, 262-63 (1989); *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977).

[15] *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995).

[16] *Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999) citing *Harris v. Reed*, 489 U.S. 255, 264 n. 10 (1989); *Ellis v. Lynaugh*, 873 F.2d 830, 838 (5th Cir. 1989).

[17] *Griner*, 2019 WL at *3.

"An ineffective assistance claim, which proceeds on a separate legal theory and is governed by a different legal analysis, is obviously distinct from a claim asserting an underlying substantive violation on which the ineffective assistance claim is based."[18] Exhaustion of the ineffective assistance of counsel claim does not constitute exhaustion of the erroneous jury instruction claim, even if the claim is considered in relation to the ineffective assistance of counsel claim.[19] Accordingly, the erroneous jury instruction claim was decided on an independent state procedural bar.[20]

The bar imposed is also adequate. To be adequate, the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases.[21] The First Circuit refused to consider the erroneous jury instruction argument based upon the lack of a contemporaneous objection under Louisiana Code of Criminal Procedure article 841A and article 801C, which are both variations of the contemporaneous objection rule.[22] It is well settled that this

---

[18] *Cammatte v. Cain*, No. 14-926, 2015 WL 10714601, at *2 (E.D. La. Dec. 21, 2015), *report and recommendation adopted,* No. 14-926, 2016 WL 1598522 (E.D. La. Apr. 21, 2016) citing *Sam v. Louisiana,* 409 Fed.Appx. 758, 765 (5th Cir. 2011); *Willis v. Vaughn,* 48 Fed.Appx. 402, 406 (3rd Cir.2002) ("Willis' ineffective assistance of counsel claims and underlying due process claims are distinct, and exhaustion of one does not constitute exhaustion of the other.").

[19] *Willis*, 48 Fed.Appx. at 406.

[20] Griner raised the claim again on post-conviction relief, but it was, again, denied on procedural grounds, specifically based upon Louisiana Code of Criminal Procedure article 930.4(A), declining to consider the claim because it had been fully litigated on appeal. *See* R. Docs. 13-6, p. 169; 13-7, pp. 27-28 & 38. Though the Fifth Circuit has rejected the argument that Louisiana Code of Criminal Procedure article 930 .4(A) is an independent and adequate state ground (*Bennett v. Whitley*, 41 F.3d 1581, 1583 (5th Cir. 1994)), the Court must look through to the direct appeal to determine why the claim was rejected on direct appeal. Because the claim was rejected on procedural grounds on the direct appeal, and for the reasons explained herein, it is still unexhausted and procedurally defaulted. *See Griffin v. Vannoy*, No. 19-684, 2022 WL 17365734, at *5 (M.D. La. Nov. 3, 2022), *report and recommendation adopted*, No. 19-684, 2022 WL 17365243 (M.D. La. Dec. 1, 2022) ("If the petitioner had not procedurally defaulted Claims 1, 2, and 3 by failing to pursue a writ of certiorari with the Louisiana Supreme Court on direct appeal, La.C.Cr.P. art 930.4(A) would not prohibit this Court from addressing these claims on the merits.").

[21] *Walker v. Martin*, 562 U.S. 307 (2011).

[22] Louisiana Code of Criminal Procedure article 801C states as follows: "A party may not assign as error the giving or failure to give a jury charge or any portion thereof unless an objection thereto is made before the jury retires or within such time as the court may reasonably cure the alleged error," while 841A states, in pertinent part, that "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence."

type of "contemporaneous objection" rule is an "independent and adequate" state procedural ground which bars federal habeas corpus review.[23]

The failure to preserve a claim under Louisiana Code of Criminal Procedure article 841 has also been repeatedly recognized as an adequate state ground which bars review by the federal courts in a habeas corpus proceeding.[24] Additionally, the requirement for a contemporaneous objection under Article 801C has been recognized as an adequate state ground which bars review by the federal courts in a habeas corpus proceeding.[25] Because the last state court to render a judgment in the case clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar, this claim is procedurally defaulted and not subject to review.

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, *i.e.* the conviction of one who is actually innocent.[26] Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in

---

[23] *Wainwright v. Sykes,* 433 U.S. 72, 87–88 (1977). The ruling, therefore, was independent of federal law and relied strictly on state procedural requirements. *See Harris,* 489 U.S. at 263; *Glover,* 128 F.3d at 902.

[24] *See, Toney v. Cain,* 24 F.3d 240, 1994WL243453, at *2 (5th Cir. May 20, 1994) (Table, Text in Westlaw); *Proctor v. Butler,* 831 F.2d 1251, 1253 (5th Cir.1987); *Riggins v. Butler,* 705 F.Supp. 1205, 1208 (E.D.La.1989); *Marshall v. Cain,* No. 04–219, 2006 WL 2414073, at *1 (E.D.La. Aug. 18, 2006) (Zainey, J.) (Order adopting Report and Recommendation); *accord, Duncan v. Cain,* 278 F.3d 537, 541 (5th Cir.2002) (citing *Wainright,* 433 U.S. at 87–88 (Louisiana's contemporaneous objection rule is an adequate state bar to federal review of a defaulted claims)).

[25] *See Curington v. Cain*, No. 13-5258, 2015 WL 3953190, at *8 (E.D. La. June 29, 2015) ("the contemporaneous objection rule found in La. Code. Crim Proc. Art. 801(C) is regularly followed by the Louisiana courts to find that appellate review of jury instruction claims are waived without a contemporaneous objection at trial.").

[26] *Rocha v. Thaler*, 626 F.3d 815, 822 (5th Cir. 2010).

order to prevent a fundamental miscarriage of justice.[27] Griner has made no arguments to this Court to demonstrate cause or prejudice and has not alleged that he is actually innocent or made any other arguments to sway this Court that consideration of his claim is required to prevent a fundamental miscarriage of justice. Accordingly, Griner has not shown cause for his default and has failed to demonstrate that a fundamental miscarriage of justice will result; thus, Griner has failed to overcome his procedural bar.[28]

### III.    A CERTIFICATE OF APPEALABILITY SHOULD BE DENIED

If the recommendation dismissing Griner's claim is adopted, and should Griner seek to appeal, a certificate of appealability should be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[29] Although Griner has not yet filed a Notice of Appeal, the Court may address whether he would be entitled to a certificate of appealability.[30] A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[31] In cases where the court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional rights *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[32] In this case, reasonable jurists would not debate the correctness of the procedural ruling that Griner's claims are procedurally barred, such that a certificate of appealability should be denied.

---

[27] *See Schlup v. Delo*, 513 U.S. 298, 314-15 (1995).

[28] *Frazier v. Dretke,* 145 Fed.Appx 866, 871–72 (5th Cir. 2005).

[29] 28 U.S.C. § 2253(c)(1)(a).

[30] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

[31] 28 U.S.C. § 2253(c)(2)

[32] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006).

IV.     **RECOMMENDATION**

For the foregoing reasons, **IT IS RECOMMENDED** that the Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody[33] filed by Jeremy Griner be **DISMISSED WITH PREJUDICE**, as procedurally defaulted.

**IT IS FURTHER RECOMMENDED** that, if sought, a Certificate of Appealability be **DENIED**.

Signed in Baton Rouge, Louisiana, on February 25, 2026.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[33] R. Docs. 1, 3, & 7.

7